# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABRY L. WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-11088** |
| **DR. CLAY KELLY, ET AL.** | **SECTION: "B"(1)** |

## ORDER AND REASONS

Plaintiff, Abry L. White, a state prisoner, filed the instant *pro se* and *in forma pauperis* complaint against Dr. Clay Kelly and Dr. Katrina. In this lawsuit, plaintiff claims that, while he was confined within the Eastern Louisiana Mental Health System in Jackson, Louisiana, the defendants failed to protect him and accused him of faking his mental illness.

Federal law provides:

A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In the instant case, neither plaintiff nor either defendant is alleged to reside in the Eastern District of Louisiana. Further, no part of the events or omissions giving rise to plaintiff's claims occurred within this district. However, all of those events or omissions occurred within the Eastern Louisiana Mental Health System in the town of Jackson in East Feliciana Parish, Louisiana. East

Feliciana Parish lies within the geographical boundaries of the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 98(b).

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999). Because venue is not proper in the Eastern District of Louisiana but would be proper in the Middle District of Louisiana, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Middle District of Louisiana for further consideration.

Accordingly,

**IT IS ORDERED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

**IT IS FURTHER ORDERED** that determination of pauper status is **DEFERRED** to the United States District Court for the Middle District of Louisiana.

New Orleans, Louisiana, this sixteenth day of November, 2017.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**